UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WILLIE DAVIS,

                Plaintiff,        Civ. Action No. 1:19-cv-06069-ENV-CLP

     -against-                 **[PROPOSED] DISCOVERY PLAN**

C. R. BARD, INC., a foreign corporation, and
BARD PERIPHERAL VASCULAR, INC.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff Willie Davis ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties"), respectfully submit this proposed Discovery Plan in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure and the Court's Scheduling Order, dated November 7, 2019, as follows:

       1.     This case was part of a Multi-District Litigation proceeding involving allegations of defects in the various models of Bard's inferior vena cava ("IVC") filters, called *In re: Bard IVC Filter Litigation*, MDL 2641, pending before Senior Judge David Campbell of the District of Arizona (the "MDL"). After four years, the completion of general issue/generic discovery, and conducting three bellwether trials, Judge Campbell ordered cases which have not settled or are not close to settling be transferred to the appropriate jurisdictions around the country for case-specific discovery, workup, and eventual trial.

       2.     On October 17, 2019, the MDL Court filed a *Suggestion of Remand and Transfer Order (Second)*. *See Suggestion of Remand and Transfer Order (Second)*, Case No. 2:15-md-02641-DGC, MDL Doc. 20672 (D. Ariz. Oct. 17, 2019) (entered on Oct. 18, 2019) (the "Remand

Order") [ECF Dkt. No. 3.] This case was remanded back to this Court on October 29, 2019. [ECF Dkt. No. 4.]

3. As part of its Remand Order, the MDL Court provided a history of the litigation (including that the Parties had completed all common fact and expert discovery), summaries of bellwether cases, and the Court's rulings on various matters common to all cases. *See id.* at 4–31. The MDL Court's Remand Order contains a comprehensive description of the history of the MDL, the claims and defenses asserted by the parties, various case management orders entered in the MDL, the status of general common fact and expert discovery conducted in the MDL, summaries of the bellwether cases, and the Court's rulings on various matters common to all cases. *See* Remand Order [ECF Dkt. No. 3].

4. The Remand Order further provided summaries of many of the MDL Court's orders, as well as a list of all Case Management Orders ("CMOs"), discovery orders, and other significant rulings relevant to cases on remand, which list includes general descriptions of the subject matter of such orders. [ECF Dkt. No. 3 at pp. 15-31.] The MDL Court recognized it "has made many rulings in this MDL that could affect the remanded and transferred cases" [*Id.* at p. 15], and provided a "summary of the key legal and evidentiary rulings." [*Id.* at pp. 17-31 and Ex. 1.]

5. The Parties note that the following CMOs and Orders were entered in the MDL:

    a. CMO 3 (Stipulated Protective Order);

    b. CMO 7 (Stipulation and Order Concerning Redactions of Material from Additional Adverse Events Reports, Complaints, and Other Documents);

    c. CMO 9 (ESI and Document Form and Format Production Protocol);

    d. CMO 12 (Joint Records Collection);

  e.  CMO 14 (Deposition Protocols); and

  f.  CMO 17 (Stipulation and Order Concerning Protective Order and Redactions of Material from Defendants; Expedited ESI Production).

6. In this action, Plaintiff Davis alleges that he suffered complications following the implantation of a Bard Recovery inferior vena cava ("IVC") filter, a prescription medical device represented by Bard to capture blood clots reducing the risk of pulmonary emboli.

7. Bard asserts that its IVC filters are life-saving prescription medical devices and generally denies the claims and allegations contained in the Complaint.

8. The Parties agree that general discovery was conducted and concluded in the MDL, *In Re: Bard IVC Filers Products Liability Litigation*, MDL 2641, and that this case was remanded back to this Court for case-specific discovery only.

9. Pursuant to the Court's November 7, 2019 Scheduling Order, initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P. and HIPAA-compliant records authorizations will be completed not later than **January 15, 2020**. Plaintiff shall provide Authorizations for all medical providers and third parties from 10 years prior to implant of the Bard Filter to the present.

10. Motions to join new parties or amend the pleadings will be filed no later than **February 14, 2020**.

11. All fact discovery is to be completed no later than **October 30, 2020**.

12. The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York, except that the Parties have agreed upon the use of various alternative discovery mechanisms, which the Parties believe will result in faster and more cost-efficient means of collecting medical and factual data than using traditional discovery requests permitted under Rules 33, 34, 36, and 45, Fed. R. Civ. P., including:

a. Authorizations and the use of a joint records collection vendor, The Marker Group, to collect medical, insurance, Medicare, Medicaid, prescription, Social Security, workers' compensation, and employment records; Plaintiff agrees to comply with MDL 2641 CMO No. 12 (Joint Record Collection); and

b. The use of a Plaintiff Fact Sheet ("PFS") and Defendant Fact Sheet ("DFS"), which forms were MDL court-approved, as the primary discovery tool and as an alternative to traditional Interrogatories and Requests for Production of Documents; the Parties agree that any additional case-specific written discovery beyond the PFS/DFS shall be limited and targeted to the facts of this case.

13. The following interim deadlines may be extended by the Parties on consent without application to the Court, provided the Parties meet the fact discovery completion date in paragraph 11 above:

   a. Plaintiff will produce the completed PFS by **March 24, 2020**.

   b. Defendants will produce the completed DFS by **April 24, 2020**.

   c. Depositions will be completed by **August 17, 2020**; and

      i. Unless the Parties agree or the Court so orders, depositions are not to be held until all Parties have produced the completed Fact Sheets and all information described in the PFS and DFS forms;

      ii. There is no priority in depositions by reason of a party's status as plaintiff or defendant; and

iii. Unless the Parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

14. Case-specific expert witness and deposition discovery will be conducted as follows:

    a. On or before **September 10, 2020**, Plaintiff will designate any case-specific expert witness(es) he intends to call at trial pursuant to Federal Rule of Civil Procedure Rule 26 and all subparts thereto and produce his expert report to Bard.

    b. On or before **October 8, 2020**, Bard will designate any case-specific expert witness(es) they intend to call at trial pursuant to Federal Rule of Civil Procedure Rule 26 and all subparts thereto and produce their expert report to Plaintiff.

    c. On or before **October 29, 2020**, Plaintiff will produce a rebuttal expert report to Bard.

    d. On or before **November 19, 2020**, Bard will produce a rebuttal expert report to Plaintiff.

    e. Expert depositions shall be completed by **December 21, 2020**.

15. Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due after the close of all discovery. The final date to take the first step in dispositive motion practice shall be **January 22, 2021**.

16. All discovery shall be completed by: **December 30, 2020**.

17. The Parties shall submit a Joint Pretrial Order by **February 22, 2021**.

18. This case it to be tried to a jury. The Parties have conferred and their present best estimate of the length of trial is four (4) weeks.

19. There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted.

| SEIDEMAN LAW FIRM PC | GREENBERG TRAURIG, LLP |
|---|---|
| By: */s/ Scott R. Seideman*<br>    Scott R. Seideman | By: */s/ Timothy E. Di Domenico*<br>    Timothy E. Di Domenico |
| 701 Commerce St., Ste. 400<br>Dallas, TX  75202<br>Tel.: 214.752.0443<br>Fax.:  214.752.0449<br>Email: sseid@seidlaw.com | MetLife Building<br>200 Park Avenue, 15th Floor<br>New York, NY  10166<br>Tel: 212.801.9200<br>Fax.: 212.801.6400<br>Email:  didomenicot@gtlaw.com |
| *Attorneys for Plaintiff*<br>*Willie Davis* | *Attorneys for Defendants*<br>*C. R. Bard, Inc. and*<br>*Bard Peripheral Vascular, Inc.* |

SO ORDERED.

_____
CHERYL L. POLLAK, U.S.M.J.